[Civ. No. 21759.   First Dist., Div. Three.   Mar. 30, 1965.]

JOSEPH C. WILLIAMS, Plaintiff and Appellant, v. CITY OF SAN CARLOS et al., Defendants and Respondents.

Truce & Veal and Harlan Veal for Plaintiff and Appellant.

Michael Aaronson, City Attorney, for Defendants and Respondents.

Keith C. Sorenson, District Attorney (San Mateo), and James M. Parmelee, Deputy District Attorney, as Amici Curiae on behalf of Defendants and Respondents.

SALSMAN, J.—The appellant, a taxpayer and voter in the City of San Carlos, filed a petition for a writ of mandamus with the superior court in San Mateo County, asking that the court compel the city to rescind a certain municipal ordinance and cancel a contract with the County of San Mateo entered into under authority of the ordinance. The demurrer of respondents was sustained without leave to amend and judgment entered that petitioner take nothing by the action. Appellant's motion for reconsideration was denied. Appellant has appealed from the judgment and also from the order denying his motion for reconsideration. ██ The order denying appellant's motion for reconsideration is not appealable and the attempted appeal from that order will be dismissed.

On December 11, 1962, the City of San Carlos, a city organized under general law, adopted an ordinance which transferred the assessment, levy and collection of city taxes to the appropriate officers of the County of San Mateo, pursuant to authority granted by section 51500 et seq. of the Government Code. On January 22, 1963, the City of San Carlos and the County of San Mateo entered into a contract to effectuate the purposes contemplated by the ordinance. (Gov. Code, § 51514.)

Appellant attacks the ordinance on the ground that it violates article XI, section 6 of the California Constitution. He also contends that the ordinance violates section 45007 of the Government Code and hence is invalid. In light of facts which developed after the appeal was filed, appellant also advances certain arguments based upon the federal Constitution.

Article XI, section 6 of the California Constitution as it read at the time the judgment was entered herein permitted county officers to perform certain municipal functions, among them the assessment of property for tax purposes and the collection of municipal taxes. The relevant language of the Constitution then read: ". . . the Legislature may, by general laws, provide for the performance by county officers of certain of the municipal functions of cities and towns so incorporated, whenever a majority of the electors of any such city or town voting at a general or special election shall so determine." Appellant argues that the clear import of this language requires a majority vote of the electors of the city before the council may enact an ordinance transferring municipal functions, such as those of assessor and tax collector, to the county. Respondents on the other hand contend that the language of the Constitution which states that "the Legislature may . . . provide" is purely permissive, and that no election is required to effectuate such a transfer, since the Legislature in section 51500 et seq. of the Government Code has not specified that an election must be held. The issue thus posed, however, was resolved by vote of the people of the state, before argument and submission of this appeal.

The 1963 Legislature proposed an amendment to article XI, section 6 of the California Constitution. The proposed amendment was known as Proposition 11, and was submitted to the people of the state, and adopted by them at the general election held November 3, 1964. Proposition 11 deleted from article XI, section 6 the language "whenever a majority of the electors of any such city or town voting at a general or special election shall so determine." Proposition 11 also added this language to the amended section: "Any agreement entered into before the effective date of this amendment between a city and a county pursuant to general laws enacted by the Legislature which agreement provides for the performance by county officers of certain municipal functions of such city is hereby validated."

On December 2, 1964, the Secretary of State certified that Proposition 11 had been adopted by a majority vote at the general election of November 3, 1964. Respondents then moved to dismiss this appeal, contending that the case was moot. The language of Proposition 11 does indeed make clear that the question whether the San Carlos ordinance and the contract executed pursuant to it were in violation of article XI, section 6 of the California Constitution as it stood prior

to amendment is now moot. (See *Consolidated Vultee etc. Corp.* v. *United Automobile etc. Workers,* 27 Cal.2d 859, 863 [167 P.2d 725]; *Feder* v. *Lahanier,* 200 Cal.App.2d 483, 484-485 [19 Cal.Rptr. 638]; *Paul* v. *Milk Depots, Inc.,* 62 Cal.2d 129, 133-134 [41 Cal.Rptr. 468, 396 P.2d 924].) Appellant has, however, raised other issues, the presence of which precludes granting of the motion to dismiss.

■ Appellant contends that transfer of the tax assessment and tax collection duties from the city to the county is prohibited by Government Code section 45007. That section provides: ''After inclusion in the [civil service] system, any departments or appointive officers or employees shall not be withdrawn, either by an outright repeal of the civil service ordinance or otherwise, unless the withdrawal has been submitted to the city electors . . . and approved by two-thirds of those voting on the proposition.'' The civil service ordinance of the City of San Carlos includes among its appointive officers and employees a city tax collector. Appellant argues that this office has been abolished by the ordinance, and hence the tax collector has been withdrawn from the Civil Service System in violation of section 45007. There is no merit in this argument. Government Code section 51506 is controlling and fully resolves the issue here. That section reads: ''The offices of city assessor, tax collector, and treasurer may be abolished by ordinance after their duties have been transferred.'' Section 45007 relates to civil service and section 51506 deals specifically with the transfer of city tax functions to counties. Both sections concern municipal government, and both were enacted at the same session of the Legislature and became law at the same time. (See Stats. 1949, ch. 79, § 1, p. 247; ch. 81, § 1, p. 279.) Both sections must be read together and each given effect as far as possible. (*Raynor* v. *City of Arcata,* 11 Cal.2d 113, 120 [77 P.2d 1054]; 2 Sutherland, Statutory Construction, § 5202.) When this is done it is readily seen that section 51506 must be construed as a specific exception to the general rule set forth in section 45007. Moreover, the latter section is clearly inconsistent with the purpose of Proposition 11, and hence must be considered as inapplicable to the facts of the case we now consider. (11 Cal.Jur.2d, Constitutional Law, § 27, pp. 332-333.)

Appellant's final argument is that Proposition 11 violates the federal Constitution, article IV, section 4, in that it deprives the voters of general law cities of the right to choose the structure of their own local government; that the right to

vote is a vested right, guaranteed to all citizens of the state by the California Constitution (art. II, § 1), and that this vested right has been unconstitutionally impaired by the adoption of Proposition 11.

■ We find nothing to support the contention that voters in general law cities have an inherent right to choose the structure of their own local government. They do have the right to pass upon the composition of their local government within the legal framework established by the Constitution of the state and the laws enacted by the Legislature. But general law cities are simply creatures of the state and as such are parts of the machinery by which the state conducts its governmental affairs. (See 34 Cal.Jur.2d, Municipal Corporations, § 147, pp. 728, 729.) In the absence of some constitutional restraint, the Legislature may increase or diminish the powers of such a city at will. (*Johnson* v. *City of San Diego,* 109 Cal. 468, 474 [42 P. 249].)

■ Article IV, section 4 of the federal Constitution provides: ''The United States shall guarantee to every State in this Union a Republican Form of Government. . . .'' Under long established principles of constitutional interpretation, the enforcement of this guarantee is committed to the Congress of the United States and not to the judiciary. (*Pacific States Tel. & Tel. Co.* v. *Oregon,* 223 U.S. 118, 133 [32 S.Ct. 224, 56 L.Ed. 377] ; see also *Baker* v. *Carr,* 369 U.S. 186, 223 [82 S.Ct. 691, 7 L.Ed.2d 663].)

Appellant also urges that before the adoption of Proposition 11 he had a vested right to vote on the question of the transfer of the duties of assessor and tax collector from the city to the county, and that Proposition 11 has abrogated that vested right.

■ The right of a citizen to vote is derived from the laws of the state in which he resides. The federal Constitution does not make the right of suffrage a necessary incident of citizenship. ■ ''Privilege of voting is not derived from the United States, but is conferred by the State and, save as restrained by the Fifteenth and Nineteenth Amendments . . . the state may condition suffrage as it deems appropriate.'' (*Breedlove* v. *Suttles,* 302 U.S. 277, 283 [58 S.Ct. 205, 82 L.Ed. 252], and cases cited.) ■ Article II, section 1 of the California Constitution confers upon all citizens who meet the qualifications of that section the right to vote at all elections. ■ Of course, appellant and all other citizens of San Carlos, if they met those qualifications, had a right and

opportunity to vote upon Proposition 11 at the general election, and to that extent at least, appellant's right to vote has not been impaired.

This is not to say, however, that the citizens' right to vote cannot be altered or changed. The right is not "vested" in the sense for which appellant contends. A vested right is generally considered to be one that cannot be divested without the consent of the owner. (See *Adoption of Graham,* 58 Cal.2d 899, 905 [27 Cal.Rptr. 163, 377 P.2d 275].) Other provisions of the California Constitution make it plain that the right to vote, and the circumstances and conditions under which the right may be exercised, are not beyond the control of the people. Thus article IV, section 1 of our Constitution provides in part: ". . . but the people reserve to themselves the power to propose laws and amendments to the Constitution, and to adopt or reject the same, at the polls independent of the Legislature, and also reserve the power, at their own option, to so adopt or reject any act, or section or part of any act, passed by the Legislature." And article I, section 2 says: "All political power is inherent in the people. Government is instituted for the protection, security and benefit of the people, and they have the right to alter or reform the same whenever the public good may require it." The power of the Legislature to propose Proposition 11, and the right and power of the people to adopt or reject it cannot be questioned. By adoption of the amendment, no vested right of appellant was denied or impaired, and no right guaranteed to appellant by the federal Constitution was in any manner abrogated.

The motion to dismiss the appeal is denied. The purported appeal from the order denying appellant's motion for reconsideration is dismissed. The judgment is affirmed.

Draper, P. J., and Devine, J., concurred.