[Civ. No. 21617. Fourth Dist., Div. Two. Dec. 11, 1980.]

SPORTS COMMITTEE DISTRICT 37 A.M.A., INC.,
Plaintiff and Appellant, v.
COUNTY OF SAN BERNARDINO, Defendant and Respondent.

■

COUNSEL

Garza, Kassel & Jordan and Donald W. Jordan, Jr., for Plaintiff and Appellant.

Alan K. Marks, County Counsel, and Paul A. Grube, Jr., Deputy County Counsel, for Defendant and Respondent.

Laurens H. Silver as Amicus Curiae on behalf of Defendant and Respondent.

OPINION

**GARDNER, P. J.**—Appellant is an organization which sponsors offroad racing in the California deserts. It complains of San Bernardino County Ordinance No. 1590 which provides that no person may drive a motor vehicle over land belonging to another without that person's written permission. Although the parties argued at length as to whether requests for written permission as to any races have actually been made, realistically the ordinance precludes offroad motorcycle racing on private land since the owners of such private land probably look upon the onslaught of several hundred motorcycles and dune buggies over their property with about the same amount of enthusiasm as did French farmers when German Panzer divisions crossed their land. The plot thickens with the appearance of the Bureau of Land Management which has apparently sanctioned such races in the past not only over federal land under its control but over private property as well. However, with the advent of ordinance No. 1590, the bureau will not issue permits for races which in part cover private property without written permission of those owners. Ergo, no permission, no races, since the vast California desert is a checkerboard of privately and publicly owned lands and the owners of the private lands obviously will not give the requested permission. Appellant makes its position clear. It would like to have offroad motor vehicle racing every weekend with 250 to 700 people in attendance.

Appellant contends that ordinance No. 1590 is in direct conflict with Penal Code section 602, subdivision (m), and further that the field of trespass has been impliedly preempted by the state Legislature in Penal

■

Code section 602. The trial court did not agree, nor do we. Parenthetically, we consider discussion of other code sections redundant. This is a trespass case, pure and simple, and will be disposed of on that basis.

The purpose of ordinance No. 1590 is set forth in its urgency clause which points out that large numbers of offroad vehicles have created pollution areas in the desert, that numerous trespasses upon both private and public land have resulted in damage and defacement of the terrain. The county's environmental improvement agency has studied the matter and concluded that offroad motor vehicles use be confined to desert areas already damaged and that virgin land or land only slightly damaged by such offroad motor vehicles should be protected from such use. In other words, the general purpose of ordinance No. 1590 is to protect the fragile ecology of the desert which has already received serious damage from offroad motor vehicles. Because of the lack of water, most of the private land is undeveloped, unposted and unfenced. There is usually no on-the-ground demarcation between private and public land. Thus, the specific purpose of the ordinance is to protect private lands from the pollution of offroad motor vehicles unless the owners of such land affirmatively and in writing consent to the use of their land by such vehicles.

The constitutional provision is clear. (Art. XI, § 7.) Local agencies may make laws "not in conflict with general laws." A precise rule for the distinction between "municipal" and "general" is obviously impossible to formulate. However, in this case, we have no hesitation in finding that the ordinance is not in conflict with the general laws.

(a) *Direct Conflict.*

 Ordinance No. 1590 is obviously not in direct conflict with Penal Code section 602, subdivision (m), which states: "Every person who willfully commits a trespass by any of the following acts is guilty of a misdemeanor:...[¶] (m) Driving any vehicle, as defined in Section 670 of the Vehicle Code, upon real property belonging to or lawfully occupied by another and known not to be open to the general public, without the consent of the owner, his agent, or the person in lawful possession thereof."

If that section authorized the use of motor vehicles on private property without the written consent of the owners, the state statute and the

local ordinance would be in direct conflict. Direct conflicts exist when the ordinance prohibits conduct which is expressly authorized by state law. (*People* v. *Orozco* (1968) 266 Cal.App.2d 507 [72 Cal.Rptr. 452, 32 A.L.R.3d 1429].) It is obvious that ordinance No. 1590 is supplementary or complementary to Penal Code section 602, subdivision (m). It is certainly not in conflict with that code section.

(b) *Implied Preemption*

Here we apply the three-way test developed in *In re Hubbard* (1964) 62 Cal.2d 119 [41 Cal.Rptr. 393, 396 P.2d 809], overruled on other grounds in *Bishop* v. *City of San Jose* (1969) 1 Cal.3d 56, 63 [81 Cal.Rptr. 465, 460 P.2d 137].

(1) Whether the subject matter has been so fully and completely covered by general law as to indicate that it has become exclusively a matter of state concern.

Penal Code section 602 is hardly so comprehensive as to indicate an intent to totally occupy the field of trespass although the 17 subdivisions of that section address everything from damage to timber through removal of earth or stone and the protection of land on which shellfish are cultivated. However, interesting though the many component parts of Penal Code section 602 may be, that section simply does not address itself to the precise problem covered by ordinance No. 1590, i.e., trespass upon wide open, remote unfenced, unprotected, unposted desert lands. The subject is not so completely covered by general law as to indicate that it has become exclusively a matter of state concern. Actually it appears that it is a matter of concern basically to the Counties of San Bernardino, Riverside, Kern, Imperial and Inyo, which counties contain within their boundaries most of the California desert (the latter counties apparently have similar ordinances).

(2) Whether the subject has been partially covered by general law couched in such terms as to indicate clearly that a paramount state concern will not tolerate further or additional local action.

A paramount state concern is usually couched in terms of the need for uniform state law; for instance, in some areas of criminal law, e.g., *In re Lane* (1962) 58 Cal.2d 99 [22 Cal.Rptr. 857, 372 P.2d 897]. On the other hand, trespass is an area of the law well suited to local flexi-

bility. Trespass "may involve special local problems of facilities and geography with which a state Legislature could cope only with difficulty." (*In re Cox* (1970) 3 Cal.3d 205, 220 [90 Cal.Rptr. 24, 474 P.2d 992].)

For reasons stated above, the state law as set forth in Penal Code section 602 is simply not adequate to protect the special needs of the owners of the lands in the California desert, particularly in this case San Bernardino County; nor the interest of the county in preventing pollution to and protection of the lands, soils, and the plant and animal resources. Ordinance No. 1590 deals with a trespass problem unique to those counties covering the California desert—not a matter of paramount state concern.

(3) Whether the subject matter has been partially covered by general law and the subject is of such a nature that the adverse effect of a local ordinance on the transient citizens of the state outweighs the possible benefit to the municipality.

Plaintiff has established that most of its members are not residents of San Bernardino County and are obviously affected by the ordinance. However, the burden on them is minimal. When they travel to those areas which have special topographical conditions in order to enjoy their special sport, they are not abused by the requirement to check out what the local ordinances require any more than a fisherman going to another jurisdiction is abused by having to find out what the local boating regulations are. If the plaintiff cannot receive written permission from the owners of private property, it is simply going to have to alter its courses in such a way that it can carry on its races entirely on federal land administered by the Bureau of Land Management. As the court said in *Galvan v. Superior Court* (1969) 70 Cal.2d 851, [76 Cal.Rptr. 642, 452 P.2d 930] in approving a local firearm registration ordinance, "The law, then, interferes less with transients than, for example, the Fresno ordinance prohibiting the consumption of alcoholic beverages on the street (*People v. Butler*, 252 Cal.App.2d Supp. 1053 . . .), the Los Angeles gambling ordinance (*People v. McGennis*, 244 Cal.App.2d 527 . . .), or the Los Angeles loitering ordinance (*Gleason v. Municipal Court*, 226 Cal.App.2d 584 . . .)."

We find no preemption by the state trespass law. The fragility of the desert ecology supports the local ordinance. If offroad motor vehicle or-

ganizations want to race on the desert, let them get the written consent of owners of private property over whose land they would race.

Judgment affirmed.

McDaniel, J., and Morris, J., concurred.