746 P.2d 1103

**Linda CASUSE, et al., Plaintiffs,**

**v.**

**CITY OF GALLUP, et al., Defendants.**

**No. 17079.**

Supreme Court of New Mexico.

Nov. 30, 1987.

Rehearing Denied Dec. 28, 1987.

S. James Anaya, Albuquerque, Stanley A. Halpin, Lafayette, La., for plaintiffs.

Montgomery & Andrews, Joseph E. Earnest, Santa Fe, for defendants.

Steven Barshov, Santa Fe, for amicus curiae N.M. Municipal League.

## OPINION

SCARBOROUGH, Chief Justice.

Linda Casuse, Larry Garcia, and Vera Calabaza sued the City of Gallup (Gallup) in the United States District Court in Albuquerque, New Mexico. Plaintiffs alleged that defendant violated the federal Voting Rights Act, 42 U.S.C. Section 1973 (Supp. 1986) and a provision of New Mexico's municipal code, NMSA Section 3–12–1.1 (Cum. Supp.1987). Gallup moved for a summary judgment on both issues, or alternatively, that the issue of state law be certified to the New Mexico Supreme Court. The federal district court complied with the request for certification and we accepted the issue as certified. The issue for review is whether the at-large election charter provisions of the City of Gallup, a home rule municipality, are invalidated by NMSA Section 3–12–1.1. We conclude that Section 3–12–1.1 does invalidate Gallup's home rule election charter that allows at-large elections for city councilors.

Gallup argues that its home rule charter was not affected by the New Mexico Legislature's enactment of Section 3–12–1.1 in 1985. As authority for this proposition, defendant relies on N.M. Const. art. X Section 6(D), which states: "A municipality which adopts a charter may exercise all legislative powers and perform all functions not expressly denied by general law or charter." Defendant asserts that Section 3–12–1.1 is not a general law because it does not expressly deny the right of municipalities to establish the manner in which city councilors are elected, thus, it does not invalidate defendant's at-large election charter.

The first issue is whether Section 3–12–1.1 is a general law. Black's defines a general law as one that effects the community at large, as opposed to a local law that deals with a particular locality. Black's Law Dictionary 616 (5th ed. 1979). Section 3–12–1.1 states: "Notwithstanding any other provision of the Municipal Code [Chapter 3 N.M.Stat. Ann. 1978], members of governing bodies, excluding mayors, of municipalities having a population in excess of ten thousand [10,000] shall reside in and be elected from single-member districts." Section 3–12–1.1 is a law that applies to all municipalities throughout the state with populations over 10,000. Therefore, Section 3–12–1.1, which requires city councilors to reside in single-member districts, is a general law. As such, Section 3–12–1.1 limits home-rule if it also expressly denies municipalities the authority to legislate similar matters, as required by N.M. Const. art. X Section 6(D).

The second issue we must determine is whether Section 3–12–1.1, by requiring city councilors to reside in and be elected from single-member districts, expressly denies the right of defendant to conduct at-large city council elections pursuant to its charter.

The New Mexico Constitution provides that municipalities shall have maximum powers of self-government. N.M.Const. art. Section 6(E). This Court noted in *Apodaca v. Wilson*, 86 N.M. 516, 525 P.2d 876 (1974), that a municipality does not have to look to the legislature for a grant of power to act, but looks only to legislative enactments to see if any express limitations have been placed on its power to act. *Id.* at 521, 525 P.2d at 881. In *Apodaca*, we construed the meaning of "not expressly denied" in N.M. Const. art X Section 6(D) to mean that some express statement of the power denied must be contained in the general law in order to effectively limit a municipality's home-rule power. *Id.* As an example of such a provision, we referred to NMSA 1978 Section 72–4–1.1 (now NMSA 1978, Section 3–18–2 (Repl. Pamp.1985)).

The statute referred to in *Apodaca* restricts the power of municipalities to

impose certain types of taxes. It is commonly recognized that a sovereign and its subdivision may tax the same activity without causing an inconsistency in the law. However, when two statutes that are governmental or regulatory in nature conflict, the law of the sovereign controls. We cannot take Gallup's position that N.M. Const. art X Section 6(D) allows a municipality to disregard an express law of the Legislature unless the law specifically states "and no municipality may do otherwise." Therefore, any New Mexico law that clearly intends to preempt a governmental area should be sufficient without necessarily stating that affected municipalities must comply and cannot operate to the contrary. *Westgate Families v. County Clerk of Los Alamos,* 100 N.M. 146, 667 P.2d 453 (1983).

■ Defendant and Amicus argue that Section 3–12–1.1 is unconstitutional because it only applies to municipalities with over 10,000 population, thus, it does not apply to the whole of the State. There is evidence in the record, based on the 1980 census, that Section 3–12–1.1 applies to thirteen municipalities within the State: Albuquerque, Santa Fe, Las Cruces, Roswell, Farmington, Clovis, Hobbs, Carlsbad, Alamogordo, Gallup, Las Vegas, Grants and Artesia. Based on the 1980 census, the population in these municipalities constitutes more than one-half of the entire State. It is typical for statutes in the Municipal Code to include census cut-off points. Defendant does not argue that the legislature lacked a rational basis for setting the 10,000 population requirement. This Court disagrees that because Section 3–12–1.1 applies only to municipalities of over 10,000 population, the statute is unconstitutional as written.

We conclude that Section 3–12–1.1 sufficiently expresses the intent of the legislature to mandate that all municipalities with a population over 10,000 require their candidates for city council to reside in and be elected from single-member districts. Accordingly, we hold that NMSA Section 3–12–1.1 invalidates Gallup's home rule elec-

tion charter that allows at-large elections for city councilors.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS and RANSOM, JJ., concur.

WALTERS, J., not participating.