[No. A041154. First Dist., Div. Four. Apr. 12, 1989.]

WARREN STEINKAMP, Plaintiff and Appellant, v.
ROBERTA CERRI TEGLIA, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976 and 976.1, this opinion is certified for publication with the exception of part II.

COUNSEL

Albert E. Polonsky for Plaintiff and Appellant.

Nielsen, Merksamer, Hodgson, Parrinello & Mueller, James R. Parrinello and Louise J. Rosen-Garcia for Defendant and Appellant.

OPINION

CHANNELL, J.—In 1987, defendant and cross-appellant Roberta Cerri Teglia won reelection to a third term on the South San Francisco City Council. A city ordinance limits councilmembers to two consecutive terms. Plaintiff and appellant Warren Steinkamp contested the election, seeking declaratory and injunctive relief to invalidate her election. (See Elec. Code, §§ 20080-20116.) The trial court ruled that the ordinance was invalid as preempted by state law, but declined to award Teglia attorney fees. Steinkamp appeals on the merits and Teglia cross-appeals on the denial of fees. We affirm the judgment.

## I. PREEMPTION

■ In his appeal, Steinkamp contends that the ordinance is not preempted by state law. ■ A local ordinance is preempted by state law if "the subject matter has been so fully . . . covered by general law as to clearly indicate that it has become exclusively a matter of state concern," or if "the subject matter has been partially covered by general law couched in such terms as to indicate . . . a paramount state concern will not tolerate further . . . local action . . . ." (*In re Hubbard* (1964) 62 Cal.2d 119, 127-128 [41 Cal.Rptr. 393, 396 P.2d 809], overruled on other grounds in *Bishop v. City of San Jose* (1969) 1 Cal.3d 56, 63 [81 Cal.Rptr. 465, 460 P.2d 137]; *Sports Committee Dist. 37 A.M.A., Inc. v. County of San Bernardino* (1980) 113 Cal.App.3d 155, 159 [169 Cal.Rptr. 652].)

South San Francisco's ordinance limits a person's eligibility for city council to two successive terms. Numerous Government Code provisions also affect eligibility for local offices in a general law city such as South San Francisco. (See Gov. Code, §§ 36501-36524.) State law provides that a person is not eligible to hold office as councilmember unless he or she is an elector at the time of assuming office and was a registered voter of the city at the time nomination papers are issued to the candidate. (*Id.*, § 36502.) ■ We must determine whether, by this statute, the state Legislature has either fully occupied the field or so fully covered it as to indicate a paramount state concern. (*In re Hubbard, supra,* 62 Cal.2d at p. 127.)

A similar statute relating to eligibility of county elected officers—Government Code section 24001—has been held to constitute evidence of the Legislature's intent to exercise statewide control over the qualifications of elected county officers. (*Younger v. Board of Supervisors* (1979) 93 Cal.App.3d 864, 872 [155 Cal.Rptr. 921].) Steinkamp attempts to distinguish this case because the local governmental entity in *Younger* was a chartered county and South San Francisco is a general law city. This distinction is not pertinent in this case. The two statutes establish that the Legislature intends to preempt local regulation of eligibility for election to local governing bodies, whether they are charter counties or general law cities.

Steinkamp also contends the city is a distinct, individual entity and is not a political subdivision of the state. He is incorrect. ■ "[G]eneral law cities are simply creatures of the state and as such are parts of the machinery by which the state conducts its governmental affairs." (*Williams v. City of San Carlos* (1965) 233 Cal.App.2d 290, 295 [43 Cal.Rptr. 486]; se, *Wiltshire v. Superior Court* (1985) 172 Cal.App.3d 296, 302 [218 Cal.Rptr.

199].) ▇ "[Voters] have the right to pass upon the composition of their local government *within the legal framework* established by the Constitution of the state and *the laws enacted by the Legislature.*" (*Williams, supra,* at p. 295, italics added; see 56 Ops.Cal.Atty.Gen. 327 (1973).) The trial court correctly found the city ordinance was preempted by state law.

## II. ATTORNEY FEES*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## III. CONCLUSION

The judgment is affirmed. Each party shall bear its own costs.

Anderson, P. J., and Poché, J., concurred.

---

* See footnote, *ante,* page 402.