901 P.2d 785

Marion M. COTTRELL, Steve D. Galle-
gos, Vincent E. Griego and Alan B.
Armijo, Petitioners–Appellants,

v.

Millie SANTILLANES, in her capacity as
Clerk of the City of Albuquerque, and
the City of Albúquerque, a municipal
corporation, Respondents–Appellees,

and

New Mexicans for Term Limits, United
We Stand, Inc., Agapito B. Cordova,
Deborah Lattimore, and Herb Hughes,
Intervenors–Appellees.

No. 16242.

Court of Appeals of New Mexico.

July 19, 1995.

Certiorari Denied Aug. 24, 1995.

William G. Gilstrap, William G. Gilstrap,
P.C., Albuquerque, Charles T. DuMars, Kim
A. Griffith, Timothy M. Sheehan, Sheehan,
Sheehan & Stelzner, P.A., Albuquerque, for
petitioners-appellants.

Henry F. Narvaez, Jeffrey A. Jenkins,
Narvaez & Jenkins, P.A., Albuquerque, for
respondents-appellees.

Duncan Scott, Barnett & Scott, P.A., Albu-
querque, for intervenors-appellees.

Maureen A. Sanders, Albuquerque, for
amicus curiae League of Women Voters of
Albuquerque/Bernalillo County Inc.

### OPINION

FLORES, Judge.

The issue in this case is whether the New
Mexico Constitution grants the City of Albu-
querque, operating as a home rule municipal-
ity, the power to amend its charter to limit
the term of its city councilors to no more
than two elected terms. We hold that the
Qualifications Clause, Article VII, Section 2
of the New Mexico Constitution, preempts a
home rule municipality's power to adopt ad-
ditional qualifications for elected office within
the state beyond those set forth in our Con-
stitution. Accordingly, we reverse the dis-
trict court.

## BACKGROUND

On January 11, 1994, a special election was held in which voters of the City of Albuquerque voted to amend the city charter to limit the term of city councilors to no more than two terms, effective January 1, 1994. The Amendment to Article IV of the Albuquerque City Charter (Charter Section 13) provides:

Section 13. Term Limits. Effective January 1, 1994, Councillors may not serve more than two elected terms. Councillors who have served more than two terms on that date may remain in office until their term expires.

Current and former city councilors (Appellants) who have served two or more terms filed a complaint for declaratory judgment in the district court challenging the constitutionality of Charter Section 13. The parties opposing the declaratory judgment action include the City of Albuquerque and its City Clerk, Millie Santillanes; Intervenors, which include New Mexicans for Term Limits and United We Stand, Inc., two groups that were involved in drafting and/or campaigning for the passage of the amendment; a voter who voted in favor of its passage; and two current city councilors who support the amendment (collectively referred to as "Appellees"). The district court conducted a hearing on the merits of the declaratory judgment action and by order granted judgment in favor of Appellees stating that passage and enforcement of Charter Section 13 was a constitutional exercise of the city's powers under the Home Rule Amendment, Article X, Section 6 of the New Mexico Constitution. Appellants appeal from this order.

## DISCUSSION

■ The Home Rule Amendment to our constitution authorizes a municipality to adopt a home rule charter. N.M. Const. art. X, § 6. By doing so, the city becomes a home rule municipality and "may exercise all legislative powers and perform all functions not expressly denied by general law or charter." *Id.* at § 6(D). The Home Rule Amendment further states that "[t]he purpose of this section is to provide for maximum local self-government" and that "[a] liberal construction shall be given to the powers of municipalities." *Id.* at § 6(E). "Thus,

home rule municipalities do not look to the legislature for a grant of power to legislate, but only look to statutes to determine if any express limitations have been placed on that power." *State ex rel. Haynes v. Bonem,* 114 N.M. 627, 631, 845 P.2d 150, 154 (1992).

Additionally, the Municipal Charter Act, NMSA 1978, §§ 3–15–1 to –16 (Repl.1985 & Cum.Supp.1994), provides that:

The charter may provide for any system or form of government that may be deemed expedient and beneficial to the people of the municipality, including the manner of appointment or election of its officers, the recall of the officers and the petition and referendum of any ordinance, resolution or action of the municipality; *provided, that the charter shall not be inconsistent with the [C]onstitution of New Mexico....*

Section 3–15–7 (Repl.Pamp.1985) (emphasis added).

Appellants argue that the district court erred in concluding that the Home Rule Amendment to the constitution allows home rule municipalities to impose eligibility requirements for municipal elected office beyond those set forth in the Qualifications Clause and elsewhere in the constitution. Appellants contend that Charter Section 13 is preempted by the New Mexico Constitution. We agree.

■ The Qualifications Clause of our constitution sets out in positive terms the eligibility requirements for persons to hold *any* elective office within the state. It provides, in pertinent part:

A. Every citizen of the United States who is a legal resident of the state and is a qualified elector therein, shall be qualified to hold any elective public office *except as otherwise provided in this constitution.*

B. The legislature may provide by law for such qualifications and standards as may be necessary for holding an appointive position by any public officer or employee.

N.M. Const. art. VII, § 2 (emphasis added). The other constitutional provision containing additional qualifications for municipal elected officials provides that "district and municipal

officers, county commissioners, school board members and municipal governing body members shall be residents of the political subdivision or district from which they are elected or for which they are appointed." *Id.* at art. V, § 13. Reading these constitutional provisions together, the law is that any citizen who is a qualified voter can hold any municipal elected office subject only to the residency requirement. *See* N.M.Att'y Gen. Op. 1596 (1915).

Accordingly, Charter Section 13 is inconsistent with the Qualifications Clause of the New Mexico Constitution. Under the language of the Qualifications Clause, the legislature lacks the power to add qualifications beyond those provided in the Constitution. *Gibbany v. Ford,* 29 N.M. 621, 625, 225 P. 577, 578 (1924).

> [T]he Legislature has no power to add restrictions upon the right to hold office beyond those provided in the Constitution, because the constitutional provision [Article VII, § 2] is not a negative one, providing that no person shall be eligible to hold an office unless he possess certain qualifications, as is often the case in other states, but is a positive provision, giving the right to every person possessing the qualifications therein set forth to hold office, except as otherwise provided in the Constitution itself. Manifestly, therefore, the Legislature is without power to make added restrictions as a qualification to the right to hold the office of [city councilor]. To permit it to do so would authorize the superaddition of requirements to hold office beyond those provided by the Constitution.

*Id.; see also* N.M.Att'y Gen.Op. 85–4 (1985). Thus, the sole means of adopting additional qualifications is by constitutional amendment.

The Home Rule Amendment does not specifically grant home rule municipalities the authority to impose additional qualifications for elected office. Appellees assert that the phrase "not expressly denied by general law or charter," N.M. Const. art. X, § 6(D), means that absent a clear denial in general law of the home rule municipality's power to legislate, a municipality's enactments cannot be overridden. To the extent that Appellees argue that such a clear denial must be phrased in negative terms or that the positive Qualifications Clause does not amount to a denial, we disagree. The Supreme Court, in *Haynes,* 114 N.M. at 634, 845 P.2d at 157, said that negation of power *in haec verba* was not necessary.

Appellees rely on the *Haynes* case for the propositions that the constitutional qualifications for office are not general law and that deference should be given to a municipality's maximum powers of self-government. In *Haynes,* our Supreme Court analyzed the home rule power of the City of Clovis to constitute its city commission with a different number of members than is provided for in NMSA 1978, Sections 3–10–1(B) (Repl.1985) and 3–14–6(A) (Repl.1985). Our Supreme Court's analysis was twofold: (1) whether either section is a general law; and (2) whether either section expressly denies a home rule municipality the power to establish the number of commissioners. *Haynes,* 114 N.M. at 631, 845 P.2d at 154. The Court concluded that the number of commissioners in a commission-manager form of government is a matter of local concern, and not one of statewide concern. *Id.* at 634, 845 P.2d at 157. The Court further determined that neither section expressly denied a home rule municipality the power to provide for a different number of commissioners than prescribed by statute. *Id.* at 634–35, 845 P.2d at 157–58.

The *Haynes* court distinguished *Casuse v. City of Gallup,* 106 N.M. 571, 746 P.2d 1103 (1987), in which the Court held that a statutory requirement of districting, as opposed to at-large elections, was a matter of state-wide, rather than local, concern because of the importance districting plays in insuring that voting strength is not diluted. *Haynes,* 114 N.M. at 632, 633 n. 9, 845 P.2d at 155, 156 n. 9. In similar fashion in this case, we believe that the Qualifications Clause is a general law with important state-wide ramifications that would prohibit a municipal charter from acting to abrogate it.

■ Further, the Municipal Charter Act does not expand the City's power to adopt additional qualifications. Appellees argue that the language "manner of appointment or election of its officers," § 3–15–7, grants

home rule municipalities the power to set term limits for its elected officials. We interpret that phrase as referring merely to the time, place, and manner of conducting elections and not as a grant of power to adopt additional qualifications for elected office. *See U.S. Term Limits, Inc. v. Thornton,* ––– U.S. –––, ––– – –––, 115 S.Ct. 1842, 1869–70, 131 L.Ed.2d 881 (1995) (determining that power under Elections Clause, U.S. Const. Art. I, § 4, cl. 1, to regulate the "Times, Places and Manner of holding Elections" intended to grant States authority to regulate election *procedures,* not to allow them to impose substantive qualifications that would exclude classes of candidates from federal office).

Appellees cite several out-of-state cases to support their position that the City of Albuquerque has the power to set term limits for its elected officials. We find such cases distinguishable based on the specific language of the state constitutions involved. For example, in *Roth v. Cuevas,* 158 Misc.2d 238, 603 N.Y.S.2d 962, 969 (Sup.Ct.1993), the court held that the proposed amendment to limit terms of office of elected city officials was not beyond the legislative authority granted by the New York Constitution and Municipal Home Rule Law. However, both the New York Constitution, Article 9, Section 2(c)(1) and the New York Municipal Home Rule Law, Section 10(1)(ii)(a)(1) (McKinney 1977), specifically provide that local governments retain the power to adopt and amend municipal laws relating to "[t]he powers, duties, qualifications, number, mode of selection and removal, *terms of office,* compensation, hours of work, protection, welfare and safety of its officers and employees." (Emphasis added.)

Similarly, in *Cawdrey v. Redondo Beach,* 15 Cal.App. 4th 1212, 19 Cal.Rptr.2d 179 (Ct.App.1993), the court's holding was based upon the California Constitution. In that case, the court held that a city charter amendment imposing term limits upon the city's mayor and city council members was a municipal affair within the authority granted to the city by the California Constitution. *Id.* 19 Cal.Rptr.2d at 188. The California Constitution, Article 11, Section 5(b) granted

charter cities plenary authority to establish "the manner in which, the method by which, the times at which, and *the terms for which* the several municipal officers and employees whose compensation is paid by the city shall be elected or appointed" (emphasis added), as well as the qualifications and tenure of office for deputies, clerks and other employees. The presence of such language, together with the absence of any argument that California's Constitution has a Qualifications Clause that is as broad, positive, and all-encompassing as New Mexico's is, persuades us that *Cawdrey* should not be followed in this state. Furthermore, several other decisions of the California Court of Appeals have held the attempts of local governments to impose term limits on elected officials to be preempted under the California Constitution. *See Polis v. City of La Palma,* 10 Cal.App. 4th 25, 12 Cal.Rptr.2d 322, 323–24 (1992); *Steinkamp v. Teglia,* 210 Cal.App.3d 402, 258 Cal.Rptr. 265, 266 (1989); *Younger v. Board of Supervisors,* 93 Cal.App.3d 864, 155 Cal. Rptr. 921, 926 (1979). We are therefore not convinced by the analysis in Appellees' cases.

Further, Appellees assert that Albuquerque voters have previously adopted charter amendments that add qualifications for elective office beyond those contained in the constitution. For example, Appellees cite to Article IV, Section 12; Article X, Section 3; and Article XII, Section 7 of the Albuquerque City Charter. Article IV, Section 12, prohibits anyone elected to the city council from obtaining or continuing employment with the county. Article X, Section 3 prohibits a city employee from serving as an elected official of any other governmental entity. These two charter provisions regulate conflicts of interest of city councilors and city employees. Article XII, Section 7 requires that candidates for the city council comply with ethics and election laws as a condition of service. Again, this provision merely regulates a person's conduct once elected. None of the provisions cited above adds eligibility requirements to run for office, as does Charter Section 13. Moreover, none of these existing charter amendments are challenged here, and our holding in this case in no way

affects those amendments to the Albuquerque City Charter.

In sum, Charter Section 13, which requires that candidates for the Albuquerque City Council not have served two prior terms, is imposed as an additional qualification for candidacy. We hold that such a restriction on the eligibility for elected office is unconstitutional because it exceeds a home rule municipality's authority as conferred by the New Mexico Constitution.

*CONCLUSION*

For the foregoing reasons, we reverse the district court.

**IT IS SO ORDERED.**

PICKARD and BLACK, JJ., concur.