926 P.2d 307

**Charles MONTANO and Joe Gutierrez, Plaintiffs–Appellants,**

v.

**LOS ALAMOS COUNTY, Defendant–Appellee.**

**No. 16982.**

Court of Appeals of New Mexico.

Sept. 12, 1996.

Certiorari Denied Oct. 23, 1996.

David R. Richards, the Law Offices of Simon & Oppenheimer, Santa Fe, NM, for Appellants.

Robert D. Castille, Simons, Cuddy & Friedman, LLP, Santa Fe, NM, for Appellee.

## OPINION

FLORES, Judge.

1. Charles Montano and Joe Gutierrez (Appellants) appeal the trial court's dismissal of their complaint for failure to state a claim upon which relief can be granted. Appellants sought a declaratory judgment that NMSA 1978, Section 3–12–1.1 (Repl. Pamp.1995) required that the governing body of Los Alamos County be elected from single-member districts. The trial court dismissed Appellants' complaint. Appellants raise two issues on appeal: (1) whether Section 3–12–1.1 requires that Los Alamos County provide single-member districts; and (2) if not, whether Section 3–12–1.1 violates

Appellants' equal protection rights. We affirm.

## BACKGROUND

2. Appellants are citizens of the State of New Mexico, residents of the County of Los Alamos, and registered voters within Los Alamos County. The County of Los Alamos is an incorporated county, incorporated under the provisions of Article X, Section 5 of the New Mexico Constitution. As provided in the Charter of the County of Los Alamos, Los Alamos County is governed by a county council, consisting of seven members, all of whom are elected at large. Furthermore, Los Alamos County covers an area of not more than two-hundred square miles, thereby making it an H class county pursuant to NMSA 1978, Section 4-44-3 (Repl. Pamp.1992).

## DISCUSSION

### I. Statutory Interpretation

■ 3. Appellants' first cause of action alleges that the County is in violation of Section 3-12-1.1, which requires that the County's governing body be elected from single-member districts. The trial court dismissed the action for failure to state a claim upon which relief can be granted. "A motion to dismiss under [NMRA 1996, 1-012(B)(6) ], may be granted only if it is evident that the plaintiff cannot recover or obtain relief under any set of facts provable under the claim." *Townsend v. State ex rel. State Highway Dep't,* 117 N.M. 302, 303, 871 P.2d 958, 959 (1994). In reviewing a motion to dismiss, this Court views the facts alleged in the complaint as true. *Id.*

4. Appellants argue that Section 3-12-1.1 mandates that Los Alamos County elect its council from single-member districts. Section 3-12-1.1 states, in relevant part, that:

members of governing bodies, excluding mayors, of municipalities having a population in excess of ten thousand *shall* reside in and be elected from single-member districts.... provided that the governing body of H class counties and of any municipality having a population of ten thousand or less *may* provide for single-member districts as provided in this section. (Emphasis added.)

It is undisputed that Los Alamos County has a population over 10,000 and is both an incorporated county and an H class county, and, as a result, is a "municipality" within the meaning of NMSA 1978, Section 3-1-2(G) (Repl.Pamp.1995).

■ 5. The question on this issue is whether the proviso negates the mandate that municipalities with a population of over 10,000 elect their governing body from single-member districts. Appellants argue that the Supreme Court has concluded that "Section 3-12-1.1 sufficiently expresses the intent of the legislature to mandate that all municipalities with a population over 10,000 require their candidates for city council to reside in and be elected from single-member districts." *Casuse v. City of Gallup,* 106 N.M. 571, 573, 746 P.2d 1103, 1105 (1987). Thus, Appellants contend the proviso is ambiguous and is insufficient to countermand the clear mandate of the statute. We disagree. One of the canons of statutory construction states that "the words 'shall' and 'will' are mandatory and 'may' is permissive or directory." NMSA 1978, Section 12-2-2(I) (Repl. Pamp.1988); *see Gandy v. Wal-Mart Stores, Inc.,* 117 N.M. 441, 442, 872 P.2d 859, 860 (1994) (referring to Section 12-2-2 as a "canon of statutory construction"). Thus, the language in Section 3-12-1.1, which states that H class counties *may* provide for single-member districts, unambiguously exempts Los Alamos County from the mandate.

■ 6. Appellants further argue that the statutory phrase "having a population of ten thousand or less" applies to H class counties as well as municipalities, thereby excluding Los Alamos County from the exception. We disagree. Under the doctrine of the last antecedent, " 'relative and qualifying words, phrases, and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to or including others more remote.' " *Hale v. Basin Motor Co.,* 110 N.M. 314, 318, 795 P.2d 1006, 1010 (1990) (quoting *In re Goldsworthy's Estate,* 45 N.M. 406, 412, 115 P.2d 627, 631 (1941)). Applying this doctrine, we hold that the phrase "having a population of ten thousand or less" applies to municipalities and not to H class counties. Thus, Los

Alamos County may provide for single-member districts, but is not required to do so under Section 3–12–1.1.

## II. Equal Protection

7. Appellants' second cause of action alleges that if the requirement of single-member districts as provided in Section 3–12–1.1 does not apply to Los Alamos County, then such failure violates Appellants' equal protection rights under Article II, Section 18 of the New Mexico Constitution. Because the constitutionality of Section 3–12–1.1 is a question of law, and a Rule 1–012(B)(6) motion tests the legal sufficiency of the claim and not the facts that support it, *Callaway v. New Mexico Dep't of Corrections*, 117 N.M. 637, 639, 875 P.2d 393, 395 (Ct.App.), *cert. denied*, 118 N.M. 90, 879 P.2d 91 (1994), we review the merits of Appellants' constitutional claim de novo. *See Vandolsen v. Constructors, Inc.*, 101 N.M. 109, 678 P.2d 1184 (Ct.App.) (squarely addressing constitutionality of statute after dismissal by trial court for failure to state a claim), *cert. denied*, 101 N.M. 77, 678 P.2d 705 (1984); *see also State v. Edgington*, 99 N.M. 715, 663 P.2d 374 (Ct.App.) (same), *certs. denied*, 99 N.M. 644, 662 P.2d 645 *and* 464 U.S. 940, 104 S.Ct. 354, 78 L.Ed.2d 318 (1983).

■ 8. Initially, we must determine the level of scrutiny to be applied. The County contends that the test is whether Section 3–12–1.1 is supported by a rational basis. Appellants argue that because their claim concerns voting, a fundamental right, a higher level of scrutiny must be applied. However, while "[i]t is beyond cavil that 'voting is of the most fundamental significance under our constitutional structure,'" *Burdick v. Takushi*, 504 U.S. 428, 433, 112 S.Ct. 2059, 2063, 119 L.Ed.2d 245 (1992) (quoting *Illinois Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 184, 99 S.Ct. 983, 990, 59 L.Ed.2d 230 (1979)), not every voting regulation is subject to strict scrutiny. *Id.* It is only "when those rights are subjected to 'severe' restrictions, [that] the regulation must be 'narrowly drawn to advance a state interest of compelling importance.'" *Id.* at 434, 112 S.Ct. at 2063 (quoting *Norman v. Reed*, 502

U.S. 279, 289, 112 S.Ct. 698, 705, 116 L.Ed.2d 711 (1992)).

■ 9. Here, Appellants assert that at-large elections constitute an unreasonable impediment and interference with their right to vote and further that permitting Los Alamos County to have at-large elections constitutes an irrational classification and an arbitrary diminution of Los Alamos County residents' protected right to vote. The purpose of Section 3–12–1.1 is to protect minority voters from the abuse of at-large elections. *See State ex rel. Haynes v. Bonem*, 114 N.M. 627, 633–34 n. 9, 845 P.2d 150, 156–57 n. 9 (1992). "Single-member districting schemes, which often group minority voters into a single district (thereby making them the majority within their district) contain less potential for abuse than multimember districts and at-large voting schemes. Section 3–12–1.1 implements an important state policy of guarding against such potential abuse." *State ex rel. Haynes*, 114 N.M. at 634 n. 9, 845 P.2d at 157 n. 9. Appellants, however, do not assert minority voters as a classification, so the potential abuses associated with at-large elections are not present in this case.

Moreover, Appellants' right to vote, per se, is not being hindered. *Cf. Harper v. Virginia State Bd. of Elections*, 383 U.S. 663, 670, 86 S.Ct. 1079, 1083, 16 L.Ed.2d 169 (1966) (applying strict scrutiny to a statute requiring a poll tax and striking it down as unconstitutional); *Kramer v. Union Free Sch. Dist. No. 15*, 395 U.S. 621, 632, 89 S.Ct. 1886, 1892, 23 L.Ed.2d 583 (1969) (granting franchise in school district elections only to property owners and parents of school children fails strict scrutiny). Therefore, because we cannot say that Section 3–12–1.1 imposes a severe restriction on Los Alamos County voters, we apply the rational basis standard. *See also City of Mobile v. Bolden*, 446 U.S. 55, 66, 100 S.Ct. 1490, 1499, 64 L.Ed.2d 47 (1980) ("Despite repeated constitutional attacks upon multimember legislative districts, the Court has consistently held that they are not unconstitutional *per se*.") (plurality opinion).

■ 10. We hold that Section 3–12–1.1 is constitutional under the rational basis test.

"Under this test, the burden is on the opponent of the legislation to prove that the law lacks a reasonable relationship to a legitimate governmental purpose." *Marrujo v. New Mexico State Highway Transp. Dep't*, 118 N.M. 753, 758, 887 P.2d 747, 752 (1994). Therefore, Appellants "must show that the classification serves *no* valid governmental interest, is unreasonable and arbitrary as to amount to mere caprice." *Edgington*, 99 N.M. at 719, 663 P.2d at 378 (emphasis added). Appellants have failed to meet their burden of showing that the classification serves no valid governmental interest. On the other hand, the County asserts several possible governmental interests bearing a rational relationship to the classification, including the fact that the demographics of Los Alamos County make it impossible to create majority Hispanic districts, thereby defeating the purpose of the mandate in Section 3–12–1.1. In addition, the County points out that Los Alamos is a comparatively compact community. Thus, the legislature could rationally have exempted Los Alamos County from the requirement of districting so that a major disadvantage of districting—the "balkanization" of governance with each representative focussing on services for and problems of his or her own district to the exclusion of the community as a whole—would not be visited on Los Alamos County. Moreover, "[t]he court will uphold the statute if *any* set of facts can be discerned that will reasonably sustain the challenged classification." *Marrujo*, 118 N.M. at 758, 887 P.2d at 752 (emphasis added). Thus, we hold that Section 3–12–1.1 does not violate Appellants' equal protection rights.

## CONCLUSION

11. For the foregoing reasons, we affirm the trial court's dismissal of Appellants' cause of action for failure to state a claim upon which relief can be granted.

12. **IT IS SO ORDERED.**

ALARID and PICKARD, JJ., concur.